UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT L. SCHUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03590-TWP-MPB |
| | ) | |
| WEXFORD HEALTH SERVICES, | ) | |
| DANIEL RIPPETOE DR., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint,**
**Allowing Plaintiff to Show Cause or Amend,**
**and Granting Motion to Amend Factual Background**

Robert L. Schutt, a prisoner in the Marion County Jail in Indianapolis filed this 42 U.S.C.

§ 1983 action on August 23, 2019. He brings this action for alleged violations of his Eighth

Amendment rights while an inmate in the Plainfield Correctional Facility from November 2016

through June 2017. Dkt. 1-1. Mr. Schutt has been given leave to proceed *in forma pauperis* and

his pro se complaint is now ready for screening.

**I. Screening Legal Standard**

Because Mr. Schutt was a prisoner at the time he commenced this action, his complaint is

subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the court

shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or

fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8

of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of

the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant

with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per

curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) ("[a] plaintiff's complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide the defendant with "fair notice" of the claim and its basis") (citing Fed. R. Civ. P. 8(a)(2)*; Bell Atlantic,* 550 U.S. at 555). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Mr. Schutt's Complaint

Mr. Schutt names two defendants: Wexford Health Sources and its employee Dr. Daniel Rippetoe. He makes no allegations against Wexford other than it is Dr. Rippetoe's employer. Mr. Schutt alleges that he was in Dr. Rippetoe's care for mental health concerns when, in November 2016, Dr. Rippetoe prescribed him Risperdal. He alleges that Dr. Rippetoe was negligent in not informing him that Risperdal could "possibly and occasionally cause breast enlargement in adolescent males, but not usually, [and] with less frequency in adult males." Dkt. 1-1. Mr. Schutt was in his early fifties at the time the medication was prescribed. In June 2017 he noticed his breasts were enlarged, so he went immediately to Dr. Rippetoe who discontinued the medication. Mr. Schutt also alleges that the Food and Drug Administration required a "black box" warning on Risperdal, but he does not plead what the warning concerns. Finally, Mr. Schutt alleges that he was prescribed Risperdal for depression, an off-label use, but does not plead an injury other than the breast enlargement side effect.

## III. Analysis

The complaint is **dismissed** for failure to state a claim upon which relief can be granted against Wexford Health Sources because no allegations are made against it. The Court also

concludes that the complaint fails to state an Eighth Amendment violation for Dr. Rippetoe's actions or inactions for the following reasons.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The standard articulated in *Estelle* – "deliberate indifference to serious medical needs" – contains both an objective element and a subjective element. *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). The objective element requires the harm suffered by a plaintiff to be "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). As the Court explained in *Farmer*, to be sufficiently serious "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." 511 U.S. at 834. The objective element requires the plaintiff's medical need be sufficiently serious. The subjective element requires that the officials act with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited deliberate indifference." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In *Farmer*, the Court illuminated the nature of deliberate indifference:

> We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

511 U.S. at 837.

The Seventh Circuit provided an example of the difference between negligence and deliberate indifference:

> If [prison officials] place a prisoner in a cell that has a cobra, but they do not know that there is a cobra there (or even that there is a high probability that there is a cobra there), they are not guilty of deliberate indifference even if they should have known about the risk, that is, even if they were negligent—even grossly negligent or even reckless in the tort sense—in failing to know. But if they know that there is a cobra there or at least that there is a high probability of a cobra there, and do nothing, that is deliberate indifference.

*Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (citations omitted). *Billman* and its progeny instruct that "should have known," or "negligence," does not rise to the level of deliberate indifference. *See, e.g., Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017); *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012).

Here, Dr. Rippetoe prescribed Risperdal for an off-label purpose to treat Mr. Schutt's depression. But that was not deliberate indifference. The side effect risk, if Dr. Rippetoe knew of the risk, was remote such that the highest risk group – adolescents – only *occasionally* experienced the side effect, and the risk was even less in adults like Mr. Schutt. If there was a high probability that Mr. Schutt would experience the side effect, and Dr. Rippetoe knew of the high probability and yet prescribed the medication, Dr. Rippetoe may have been negligent, but he was not deliberately indifferent. "A jail or prison official may be found liable only if he knows of and disregards an *excessive risk* to inmate safety." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (emphasis added) (holding that an official who should have, but failed, to perceive a significant risk, is not liable.). Medical malpractice, negligence, or gross negligence do not rise to the requisite culpable state of mind for deliberate indifference, which is akin to criminal recklessness. *Cesal,* 851 F.3d at 721; *King*, 680 F.3d at 1018 (7th Cir. 2012). An argument that a defendant "should have known" is not enough. *Cesal*, 851 F.3d at 721.

Several other federal circuit courts hold that a physician's failure to inform a prisoner patient of the side effects of medication might be negligence, but like using a medication for off-

label purposes, it is not deliberate indifference. *Burgess v. Mar*, 395 F. App'x 368, 368 (9th Cir. 2010) (failure to warn inmates of "the potential side effects of pain medicine constitute[s] negligence at most, and not deliberate indifference"); *Jetter v. Beard*, 130 F. App'x 523, 526 (3d Cir. 2005) (holding that physician's failure to inform inmate of the side effects of Prednisone amounts to nothing more than negligence); *Holt v. McBride*, 539 F. App'x 863, 865-66 (10th Cir. 2013) (holding that doctor's "alleged failure to determine the side effects [such as heavy sleeping and drowsiness inmate experienced due to medications prescribed for neuropathy and HIV infection] d[id] not give rise to an Eighth Amendment claim" regarding inmate's fall from bunk).

The Court will not exercise supplemental jurisdiction of Mr. Schutt's potential state law negligence claim because there is no companion federal constitutional claim upon which to base original jurisdiction. 28 U.S.C. § 1367.

Thus while Mr. Schutt has pled a potential case of state law negligence, the conduct he alleges does not rise to the level of an Eighth Amendment violation. The complaint is **dismissed** for failure to state a claim upon which relief can be granted. Nothing in this Order should be construed to prohibit Mr. Schutt from pursuing his claim in state court.

### IV. Opportunity to Show Cause or File Amended Complaint

The above discussion includes all of the claims and defendants identified by the Court. If Mr. Schutt believes the Court has overlooked a claim or defendant, he shall have through **December 2, 2019**, to file a motion to reconsider. Mr. Schutt shall also have through **December 2, 2019**, to file an amended complaint that cures the deficiencies discussed in Section III, or to otherwise show cause why this action should be allowed to proceed on the original complaint. The failure to respond to this opportunity by the due date will result in the dismissal of this action and entry of final judgment without further notice.

## V. Motion to Amend Factual Background

Mr. Schutt's October 31, 2019, motion to amend the factual background of his complaint, dkt. [15], is **granted** to the extent the Court incorporated the proposed factual background into its analysis of Mr. Schutt's claims.

**IT IS SO ORDERED**.

Date: 11/4/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert L. Schutt
357543
520 E. Market St.
Indianapolis, IN 46204